IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPORTVISION, INC., | NO. C 04-03115 JW |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR ENTRY OF FINAL JUDGMENT ON TRADEMARK CLAIMS PURSUANT TO FRCP 54(b)** |
| SPORTSMEDIA TECHNOLOGY CORPORATION, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Sportvision, Inc. ("Plaintiff") initiated this lawsuit against Defendant SportsMEDIA Technology Corporation ("Defendant") for patent infringement, trademark infringement and unfair competition. At issue are the rights to a virtual yellow first-down line used in football game broadcasts. On August 4, 2005, the Court granted Defendant's motion for partial summary judgment on the trademark issues (Counts IV, V, and VI of Plaintiff's complaint) ("MSJ Order") (Docket No. 201) and on October 4, 2005 amended its MSJ Order to include cancellation of Plaintiff's trademark registration under 15 U.S.C. § 1119 (Count Five in Defendant's counterclaim).

Presently before the Court is Defendant's Motion to for Entry of Final Judgment on Trademark Claims Pursuant to Rule 54(b) (Docket No. 212). A hearing on Defendant's motion is set for October 3, 2005. However, the Court finds it appropriate to take the motion under submission without oral

argument pursuant to Civil Local Rule 7-1(b). Based on the arguments advanced by counsel in their briefs, the Court declines to certify the trademark claims for appeal under Fed. R. Civ. P. 54(b). Rule 54(b) provides that in pertinent part "[w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Partial judgments under Rule 54(b) are not routinely granted. See Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981) (stating that "[j]udgments under Rule 54(b) must be reserved for the unusual case. . ."). After taking into account the interests of judicial economy as well as the equities involved, the Court finds that there is just cause for delaying the appeal of the trademark claims until the Court adjudicates the remaining claims and counterclaims so that the appellate court can resolve all the claims, patents, trademarks, and state tort claims, in one single proceeding. See Wood v. GCC Bend, LLC, No. 04-35073, 2005 WL 2126786, at *7 (9th Cir. Sept. 6, 2005) (citing Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 10 (1980)).

Accordingly, Defendant's Motion to for Entry of Final Judgment on Trademark Claims Pursuant to Rule 54(b) is DENIED.

Dated: October 5, 2005
04cv3115certify

/s/James Ware
JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Larry Vierra   lvierra@vmmhd.com
Burt Magen   bmagen@vmmhd.com
Laura L. Carroll   lcarroll@burnslev.com
Merton E. Thompson   mthompson@burnslev.com
Doyle B. Johnson   dbjohnson@reedsmith.com
John P. Bovich   jbovich@reedsmith.com
Kerry Hopkins   khopkins@reedsmith.com
Scott D. Baker   sbaker@reedsmith.com
Matthew H. Adler   adlerm@pepperlaw.com
Nathan W. Dean   deann@pepperlaw.com
Vincent V. Carissimi   carissimiv@pepperlaw.com

**Dated: October 6, 2005**                              **Richard W. Wieking, Clerk**

                                                         **By:__/s/JW Chambers_____**
                                                         **Ronald L. Davis**
                                                         **Courtroom Deputy**