IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Sportvision, Inc., | NO. C 04-03115 JW |
| Plaintiff, | **PROPOSED ORDER OF APPOINTMENT OF A TECHNICAL ADVISOR, MR. RAINER SCHULZ** |
| v. | |
| SportsMEDIA Technology Corp., | |
| Defendant. | |

## I. BACKGROUND

Plaintiff Sportvision, Inc. ("Sportvision") initiated this lawsuit against Defendant SportsMEDIA Technology Corporation ("SportsMEDIA") for patent infringement, trademark infringement and unfair competition. SportsMEDIA answered and asserted counterclaims of non-infringement, invalidity, unenforceable, and inequitable conduct. Jurisdiction is proper pursuant to 28 U.S.C. §1338(a), and venue is proper pursuant to 28 U.S.C. §1391(b)(1). Due to the complexity of the patents, the Court has determined that it would benefit from the services of a technical advisor.

## II. STANDARDS

A district judge has inherent authority to appoint a technical advisor when the judge deems it desirable and necessary. Ass'n of Mexican Am. Educators v. California, 231 F.3d 572, 590 (9th Cir.

2000) (en banc). The exercise of this authority should be used sparingly and only in highly complicated cases. TechSearch, L.L.C. v. Intel Corp., 286 F.3d 1360, 1378 (Fed. Cir. 2002) (interpreting the Ninth Circuit standard for appointing technical advisors). In those limited cases, where the complexity of the science and technology involves something well beyond regular questions of fact and law, the district court has the inherent authority to tap the outside skill and expertise of a technical advisor. Federal Trade Commission v. Enforma Natural Products, Inc., 362 F.3d 1204, 1213 (9th Cir. 2004); see also Reilly v. United States, 863 F.2d 149, 157 (1st Cir. 1988). The technical advisor acts as educator, advising on terminology so that the district court can better understand complex evidence and properly discharge its role as decision maker. TechSearch, 286 F.3d at 1377.

In Reilly, while conceding that a district court has inherent authority to appoint an expert as a technical advisor, the appellant argued that such power is strictly circumscribed by Fed.R.Evid. 706(a). Reilly, 863 F.2d 149, 154 (1st Cir. 1988). The First Circuit held the plain language of 706(a) indicates that the rule is confined to court-appointed expert witnesses and does not embrace expert advisors or consultants. Id. at 155. Ultimately, the First Circuit held:

> [706(a)] establishes a procedural framework for nomination and selection of an expert witness and for the proper performance of his role after an appointment is accepted. [] By and large, these modalities--though critically important in the realm customarily occupied by an expert witness--have marginal, if any, relevance to the functioning of technical advisors. Since an advisor, by definition, is called upon to make no findings and to supply no evidence, [internal citations omitted], provisions for depositions, cross-questioning, and the like are inapposite. [citations omitted.]

Id. at 156.

### III. PROPOSED ORDER OF APPOINTMENT

Accordingly, the Court appoints Mr. Rainer Schulz[1] as a "Technical Advisor" under the following terms:

---

[1] Attached to this Proposed Order is a courtesy copy of Mr. Schulz's resume.

2

1        1. Any advice provides to the Court by Mr. Schulz will not be based on any extra-record
2 information.
3        2. From time to time, the Court may request Mr. Schulz to provide a formal written report on
4 technical advice concerning the case. A copy of the formal written report prepared by Mr. Schulz
5 shall be provided to the parties. However, the Court reserves the right to have informal verbal
6 communication with Mr. Schulz which are not included in any formal written report.
7        2. Mr. Schulz may attend any court proceedings.
8        3. Mr. Schulz may review any pleadings, motions or documents submitted to the Court.
9        4. As a technical advisor, Mr. Schulz will make no written findings of fact and will not
10 supply any evidence to the Court. Thus, Mr. Schulz will be outside the purview of "expert
11 witnesses" under Fed. R. Evid. 706. As such, the provisions in Rule 706 for depositions and
12 questioning of expert witnesses will be inapplicable to Mr. Schulz; See Reilly, 863 F.2d at 155-156.
13        5. Mr. Schulz will have no contact with any of the parties or their counsel except for billing
14 purposes.
15        6. The parties are directed to pay the reasonable fees charged by Mr. Schulz for his service
16 as a technical advisor to the Court in this case. If the appointment is made, the parties shall confer to
17 determine an apportionment for purposes of payment of Mr. Schulz's fees. All matters pertaining to
18 the fees of Mr. Schulz are referred to the Magistrate Judge Patricia Trumbull.
19        7. Mr. Schulz shall file a declaration that he will adhere to the terms of his appointment.
20        On for before **March 13, 2006**, any party to the litigation wishing to object to Mr. Schulz's
21 appointment on any ground, shall file a Notice of Objection to Appointment of Technical Advisor.
22 Among the grounds for objection, the Court specifically would wish to know of any objection based
23 on the following grounds:
24        A. Bias on the part of Mr. Schulz;
25        B. Lack of funds to share the fees of the advisor on the part of the objecting party.
26        Any objection shall be lodged directly with Magistrate Judge Trumbull. The objection shall

3

state the ground of objection and be accompanied by a supporting declaration and legal memorandum supporting the objection. Judge Trumbull shall not advise Judge Ware of the identity of any party making an objection. Judge Trumbull may confer with the parties to determine if any modification of the terms of appointment would overcome the objection. Thereafter, Judge Trumbull shall submit a recommendation to Judge Ware in accordance with paragraphs 1-7 or as modified or of non-appointment due to objections. Judge Ware shall determine whether to make the appointment under any modified terms of appointment.

Dated: February 17, 2006

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Larry Vierra  lvierra@vmmhd.com
Burt Magen  bmagen@vmmhd.com
Laura L. Carroll  lcarroll@burnslev.com
Merton E. Thompson  mthompson@burnslev.com
Doyle B. Johnson  dbjohnson@reedsmith.com
John P. Bovich  jbovich@reedsmith.com
Kerry Hopkins  khopkins@reedsmith.com
Scott D. Baker  sbaker@reedsmith.com
Matthew H. Adler  adlerm@pepperlaw.com
Nathan W. Dean  deann@pepperlaw.com
Vincent V. Carissimi  carissimiv@pepperlaw.com

**Dated: February 17, 2006**            **Richard W. Wieking, Clerk**

                                             **By:   /s/ JW Chambers**
                                                  **Melissa Peralta**
                                                  **Courtroom Deputy**

United States District Court
For the Northern District of California